UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CORNELL DEVON ATWELL | : | CIVIL ACTION NO. 13-cv-594 |
| VERSUS | : | JUDGE TRIMBLE |
| C. MAIORANA | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner Cornell Devon Atwell.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.      Statement of the Case

Petitioner was found guilty on June 17, 1998, of five counts, including (1) conspiracy to possess with intent to distribute marijuana, (2) possession with intent to distribute marijuana, (3) conspiracy to carry a firearm during and in relation to a drug trafficking offense, (4) carrying a firearm during and in relation to a drug trafficking offense, and (5) possession of a firearm by a felon.  *U.S. v. Atwell*, 6:98-cr-65 (M.D. Fla.).  The court sentenced petitioner to 270 months imprisonment on September 11, 1998.  *Id.* at Doc. 120.

Petitioner appealed his conviction to the Court of Appeals for the Eleventh Circuit; however, the court affirmed.  *Id.* at Doc. 124.  The United States Supreme Court denied certiorari. *Id.* at Doc. 159.

On November 2, 2000, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   The motion was denied by the District Court on February 1, 2001.    *Id.* at Docs. 164, 172.  Petitioner then filed a motion for reconsideration, a motion for certificate of appealability, a motion to relate back (which was construed as second § 2255 motion), and a motion to modify sentence pursuant to retroactive guideline sentencing amendment, all of which were denied.  *Id.* at Docs. 172, 174, 177, 183, 209, 210, 218.

Petitioner filed this instant application for a writ of habeas corpus on March 21, 2013.  He claims that the sentence imposed by District Court is unlawful and should be vacated and he should be resentenced based on new case law.  Petitioner argues that *Johnson v. United States*, 559 U.S. 133 (2010), stands for the proposition that he does not qualify as an armed career offender (hereinafter "ACO") pursuant to 18 U.S.C. § 924(e)(1).  He argues that *Johnson* is retroactive for purposes of 28 U.S.C. § 2241.

Petitioner also complains that the District Court improperly used a misdemeanor for the purposes of making ACO designation and that the prior conviction used to enhance his sentence is no longer considered to be a crime of violence for the purpose of  18 U.S.C. § 924(e)(1).  Petitioner argues that the District Court erroneously used a conspiracy count and an attempt count in finding that he was an armed career criminal.  Petitioner also claims he is actually innocent of the career offender enhancement.

Based on his contentions, petitioner states that his sentence should be vacated and that he should be resentenced absent the ACO designation, with the benefit of any other reduction to which he may be entitled.

## II.    Law and Analysis

Petitioner styles this action as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He attacks the legality of his conviction and the length of his sentence.  However, since he is not contesting the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255.  *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255.  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  The fact that a prior section 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make the remedy inadequate or ineffective.  *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate.   He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.

Petitioner argues that he is actually innocent of the ACO designation in light of *Johnson*. However, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction, and thus, is not the type of claim that warrants relief under the savings clause.  *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir.2000); *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011).

## III.   Conclusion and Recommendation

Accordingly, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 14th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE